```
1  Stephen D. Finestone (125675)
   Kimberly S. Fineman (184433)
2  FINESTONE HAYES LLP
   456 Montgomery Street, 20th Floor
3  San Francisco, California 94104
   Tel. (415) 421-2624
4  Fax (415) 398-2820
   sfinestone@fhlawllp.com
5
   Counsel for Debtor Captain Corporation
6
```

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 23-30421 |
| CAPTAIN CORPORATION, | Chapter 11, Subchapter V |
| Debtor and Debtor-in-Possession. | **MOTION TO APPROVE POST-PETITION RESIDENTIAL LEASE AGREEMENT** |
| | Hearing Date:<br>Date: October 13, 2023<br>Time: 10:00 a.m.<br>Judge: Hon. Dennis Montali<br>Place: Tele/Videoconference |

Captain Corporation ( "Captain" or the "Debtor") hereby submits this motion (the "Motion"), pursuant to Bankruptcy Code § 363(b) and Bankruptcy Rule 6004(a)[1], for authority to enter into a *Residential Lease Agreement* (the "Lease") with Dr. Shirlin Wong and Cheryl Tsao for the Debtor's real property located at 30 Falkirk Lane, Hillsborough, California 94010 (the "Property"). The declaration of Cheryl Tsao in support of the Motion (the "Tsao Declaration") is filed contemporaneously herewith. In support of the Motion, Debtor

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure.

respectfully submits as follows:

## I.　JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and B.L.R. 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.　BACKGROUND

Captain is in the business of real estate investment with its primary asset being the Property.  The Property is a 7,800 square foot, single-family residence with 7 bedrooms and 8 baths.  The latest appraisal of the Property, obtained by secured creditor Val-Chris Investments, Inc. and dated September 9, 2021, valued the Property at $10,000,000.

Dr. Wong and Ms. Tsao live in the Property and pay all utilities related to the Property. The Property has been maintained at the expense of Dr. Wong and Ms. Tsao.  There is, however, no written lease between Captain and Dr. Wong and Ms. Tsao.  Funds necessary to cover the mortgage and tax payments for the Property have been advanced to Captain, from time to time, by either Dr. Wong and Ms. Tsao or another entity related to Dr. Wong and Ms. Tsao.

In light of the bankruptcy filing, the parties wish to enter into the Lease to formalize the existing informal relationship.  Ms. Tsao has consulted with a realtor to determine the appropriate rental rate and standard terms for the Property.  The Lease has a 1-year term and monthly rental rate of $14,500.00.  The Lease also requires a $14,500.00 security deposit.  A true and correct copy of the 6-page Lease is attached as Exhibit A to Tsao Declaration.

## III.　RELIEF REQUESTED

The Debtor seeks an order authorizing it to enter into the Lease.  The Lease formalizes the informal arrangement between the parties, evens out the Debtor's cash flow and reflects an

appropriate rental rate for the Property for the benefit of the estate.

**IV.      BASIS FOR RELIEF REQUESTED**

A post-petition lease may or may not require prior notice and court approval in bankruptcy. *See In re Dant & Russell*, 853 F.2d 700 (9th Cir. 1988). Transactions within a debtor's ordinary course of business do not require prior approval by the court. 11 U.S.C. § 363(c). Transactions outside the ordinary course of business are void without prior notice and court approval. 11 U.S.C. § 363(b). If the transaction is outside the debtor's ordinary course of business, a debtor in possession must show the exercise of reasonable business judgment for the proposed transaction. *In re Walter*, 83 B. R. 14, 17 (B.A.P. 9th Cir. 1988). "Evidence that a debtor in possession has used reasonable business judgment and has articulated a business justification for a lease transaction includes generation of revenue which will benefit the estate." *See*, *e.g.*, *In re Ernst Home Ctr.,* 209 B.R. 974, 980 (Bankr. W.D. Wash. 1997).

As a written, signed and binding agreement, the Lease is outside the ordinary course of business for Captain. However, the Debtor submits that the Lease is appropriate and necessary in Debtor's reasonable business judgment. The $14,500 monthly rent and $14,500 security deposit reflect current market rates for comparable properties. The Lease also memorializes the obligations of Dr. Wong and Ms. Tsao to directly pay all utility, maintenance and repair costs. The Lease also contains additional standard residential lease terms to protect the property interests of the Debtor. The Lease will benefit the Debtor's estate by providing a steady and even cash flow to the Debtor.

**V.      NOTICE**

Notice of this Motion will be provided to all creditors (including the secured creditors with interest in the Property), the Office of the U.S. Trustee, the Subchapter V Trustee, and those persons who have formally appeared in this Chapter 11 Case and requested service pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief

requested, no other or further notice is required. No prior request for the relief sought in this Motion has been made by the Debtor.

### VI. CONCLUSION

For the above-stated reasons, the Debtor respectfully requests that the Court enter an Order granting the Motion, authorizing the Debtor to enter into the Lease, and granting such other and further relief as it may deem appropriate.

Dated: September 19, 2023    FINESTONE HAYES LLP

By: _/s/ Stephen D. Finestone_
Stephen D. Finestone
Counsel for Debtor Captain Corporation