**WRIGHT, FINLAY & ZAK, LLP**
Arnold L. Graff, Esq. SBN 269170
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 608-9142
agraff@wrightlegal.net

Attorneys for Movant, DONALD K. REITZFELD; DAROLL LAVERNE FREWING AND DOLORES FERN FREWING, TRUSTEES OR THE SURVIVOR OF THEM OF THE FREWING FAMILY TRUST DATED AUGUST 12, 1998; PROVIDENT TRUST GROUP FBO DONALD REITZFELD IRA; NVS INVESTMENTS, LLC; BENJAMIN SCHWAN; BRUCE RADO, TRUSTEE OF THE BRUCE E. RADO LIVING TRUST DATED MAY 14, 2007; JOHN SAGER AND JULIE SAGER, TRUSTEES OF THE SAGER FAMILY TRUST DATED OCTOBER 1, 2013; SCHWARTZ ENTERPRISES INC.; AND CRAIG S. DODSON, TRUSTEE OF THE CRAIG S. DODSON TRUST DATED APRIL 25, 2013, AS BENEFICIARY

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No.: 23-30421-DM |
| CAPTAIN CORPORATION, | Chapter: 11 |
| Debtor. | Ref. No. ALG-1 |
| | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) (REAL PROPERTY)** |
| | Date: October 12, 2023 |
| | Time: 9:30 a.m. |
| | Place: United States Bankruptcy Court |
| | 450 Golden Avenue |
| | San Francisco, CA 94102 |
| | **Via Tele/Videoconference** |

**TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, ITS COUNSEL OF RECORD, AND ALL OTHER PARTIES IN INTEREST:**

DONALD K. REITZFELD; DAROLL LAVERNE FREWING AND DOLORES FERN FREWING, TRUSTEES OR THE SURVIVOR OF THEM OF THE FREWING FAMILY TRUST DATED AUGUST 12, 1998; PROVIDENT TRUST GROUP FBO DONALD REITZFELD IRA; NVS INVESTMENTS, LLC; BENJAMIN SCHWAN; BRUCE RADO, TRUSTEE OF THE BRUCE E. RADO LIVING TRUST DATED MAY 14, 2007; JOHN SAGER AND JULIE SAGER, TRUSTEES OF THE SAGER FAMILY TRUST DATED OCTOBER 1, 2013; SCHWARTZ ENTERPRISES INC.; AND CRAIG S. DODSON, TRUSTEE OF THE CRAIG S. DODSON TRUST DATED APRIL 25, 2013, AS BENEFICIARY ("Movant") hereby moves this Court for an order terminating the automatic stay of 11 U.S.C. § 362(a) as it applies to Movant and the real property located at 30 Falkirk Lane, Hillsborough, CA, 94010 (the "Property").

This Motion is being brought pursuant to § 362(d)(1) for cause, based on Movant's acquisition of the Property at a nonjudicial foreclosure sale prior to the commencement of the case, and Movant's recordation of the Trustee's Deed Upon Sale ("TDUS") within the period provided by state law for perfection. As such, Movant respectfully requests confirmation via court order that the automatic stay of 11 U.S.C. § 362 was not violated when Movant recorded the TDUS pursuant to amended California Civil Code § 2924h(c), with respect to the real property located at 30 Falkirk Lane, Hillsborough, CA, 94010 (the "Property").

Alternatively, Movant requests retroactive stay relief to annul the stay and validate the recording of the Trustee's Deed Upon Sale ("TDUS") on July 7, 2023, because neither Movant nor the foreclosure trustee was aware of the bankruptcy case file (the "Bankruptcy") when the TDUS was recorded, and because the Bankruptcy has not been filed in good faith and Movant will be greatly prejudiced if the sale is not validated.

This Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362 (the "Motion") is based on this Motion, the Notice of the Motion, the Memorandum of Points and

Authorities in Support of the Motion, and the Declaration in Support of the Motion being filed concurrently herewith, the complete files and records in this action, the oral argument of counsel, if any, and such other and further evidence as the Court might deem proper.

This Motion is made on the grounds that (1) Movant's recording of the TDUS post-bankruptcy did not violate the automatic stay pursuant to amended California Civil Code § 2924h(c); and even if it did (2) cause exists to annul the stay and grant retroactive stay relief to validate the prior case because (a) this bankruptcy was filed in bad faith, there is little to no equity in the Property, and (3) Movant will be greatly prejudiced if the sale is not validated.

### A. Relief From Stay Should Be Granted Under Pursuant To 11 U.S.C. § 326(d)(4) because this Bankruptcy Case was Filed as Part of a Scheme to Hinder, Delay and Defraud Movant

A debtor's bad faith in filing a petition constitutes cause for granting relief from stay. *In re Duvar Apt., Inc.*, 205 B.R. 196, 20 (9th Cir. BAP 1996). What constitutes "good faith" depends upon all circumstances of the case. *In re Goeb*, 675 F.2d 1386 (9th Cir.1982); *In re Warner*, 115 B.R. 233 (Bkrtcy. C.D. Cal. 1989). In *In re Powers*, 135 B.R. 980 (Bkrtcy C.D. Cal 1991), the court articulated the totality of circumstances test as follows: "Whether or not, under all circumstances of the case there has been an abuse of the provisions, purpose, and spirit of the Bankruptcy Code." Id. At 994. Under 11 U.S.C. § 105(a), the Court has power to fashion and may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the Court from *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent abuse of process.

Here, Debtor has managed to repeatedly delay foreclosure for years through multiple successive bankruptcy petitions under chapter 13, with the first case being dismissed after being pending for nearly 32 months (for Debtor's failure to comply with a court order), and this second case is now on the brink of dismissal for Debtor's failure to provide the trustee with a substantial amount of information and for failing to pay over $15,000 in plan payments (Doc. 23). Further,

despite the Debtor's Plan being confirmed in the first case, Movant received only one payment in the amount of $1,588.60 throughout the entire 32-month case, and its fully matured claim continues to grow with no payments being received since then. *See Case* 19-10253-DM)

Moreover, in this new Second Bankruptcy Debtor has filed schedules containing incorrect and/or incomplete information yet Debtor has taken no action to correct the issue. In particular, Debtor listed his employment as an Accountant at Redwood Toxicology in his Schedule I, yet Debtor confirmed at his 341(a) meeting that he has not worked for Redwood Toxicology for many months, and that he has made no payments to any secured creditors for at least the past 6 months. Debtor has also now filed a proposed plan that is predicated upon an alleged loan modification with the senior loan that is not even pending (as of the 341(a) meeting), and for which Debtor was previously denied for failure to make trial modification payments. Further, Debtor now seemingly seeks to modify Movant's claim secured on his principal residence by reducing the interest rate and total claim amount in violation of applicable bankruptcy law. Lastly, if Debtor's Plan is relying on funds from cannabis, the plan is unconfirmable on that basis alone. Thus, Debtor's Plan should be denied confirmation with prejudice, and the underlying case was filed in bad faith and should also be dismissed with a bar against refiling.

Further, as set forth in *In re Ellis*, 60 B.R. 432(B.A.P. 9th Cir. 1985), relief is also warranted under 362(d)(1) because of Debtor's failure to make any payments and because there is little to no equity in the Property, based on Debtor's Schedules and secured creditor's claims filed in the case. (*See* **Exhibit 2**; Schedules A/B & D). Again, Movant's total debt claim has been due and owing for years, and only one small payment has been received (from the Chapter 13 Trustee) during that time. Thus, binding in rem relief is warranted due to the multiple bad faith filings, and Movant respectfully requests that this Court grant Movant said extraordinary relief pursuant to 11 U.S.C. § 362(d)(1) and 11 U.S.C. § 362(d)(4).

/./././
/./././
/./././

4
MOTION FOR IN REM RELIEF FROM AUTOMATIC STAY
Case: 23-30421    Doc# 44    Filed: 09/22/23    Entered: 09/22/23 15:38:22    Page 4 of 6

**B.  A Comfort Relief Order should also be Granted Pursuant To 11 U.S.C. § Section 362(c)(3)(A) because Debtor had a prior chapter 11 bankruptcy case dismissed within the past 12 months.**

Section 362(c)(3)(A) of the Bankruptcy Code provides, "if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed,…the stay under [§362(a)] with respect to any action taken with respect to a debt or property securing such debt…shall terminate with respect to the debtor on the 30th day after the filing of the later case." 11 U.S.C. § 362(c)(3)(A).

Here, in the event the Court declines to grant in rem stay relief in this case, because Debtor's prior chapter 13 bankruptcy case was dismissed in late 2021 for Debtor's failure to comply with a court order, Movant alternatively and respectfully requests that this Court: (1) enter an Order confirming that the automatic stay already terminated in this case 30 days after the filing of the petition, so Movant can proceed with its state law remedies, and to (2) waive the 14-day stay pursuant to FRBP 4001(a)(3), in light of the mandatory termination language under 11 U.S.C. § 362(c)(3)(A), under which the stay automatically terminated after the 30th day after this second bankruptcy case commenced.  Moreover, Debtor has utterly failed to show that Debtor's financial situation has changed, or that this Second Bankruptcy, which is already on the brink of dismissal, was filed in good faith.  As such, at a minimum, a comfort relief order is warranted and should be granted.

**WHEREFORE, Movant prays for judgment as follows:**

(1).  For an order terminating the automatic stay or confirming that there is no automatic stay in effect in the above-entitled Bankruptcy case, as the stay terminated as a matter of law 30 days after the bankruptcy petition was filed.  As a result, Movant may proceed with all its state law remedies with respect to the Property;

(2).  That the 14-day stay set forth in FRBP 4001(a)(3) is hereby waived;

(3).  That if recorded in compliance with applicable state laws governing notices of interest or liens in the Property, this Order shall be binding and effective under 11 U.S.C. §

362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording; and

   (4). For such other and further relief as the Court deems appropriate.

                Respectfully submitted,

                **WRIGHT, FINLAY & ZAK, LLP**

Dated: 09/22/2023        By: */s/ Arnold L. Graff*
                Arnold L. Graff, Esq.
                Attorneys for Movant.